IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

REPUBLIC OFFICE OF MOSES
BRIAN MOSS,
EXECUTOR/FIDUCIARY, THE
ORIGINAL CREDITOR;

                    Plaintiff,

    vs.

STATE OF HAWAII,  UNITED
STATES,

                  Defendants.

CIV. NO. 21-00376 HG-RT

FINDINGS AND
RECOMMENDATION TO DENY
APPLICATION TO PROCEED IN
FORMA PAUPERIS AND TO
DISMISS THE COMPLAINT

**FINDINGS AND RECOMMENDATION TO DENY APPLICATION TO
PROCEED IN FORMA PAUPERIS AND TO DISMISS THE COMPLAINT**

Plaintiff filed an Application to Proceed in District Court without Prepaying

Fees of Costs ("Application") (ECF No. 4) on October 29, 2021 after the district

court issued a Deficiency Order (ECF No. 2) on September 8, 2021.  The

Deficiency Order granted Plaintiff twenty-eight days to either pay the filing fee or

submit a completed and executed application to proceed in forma pauperis.  ECF

No. 2.  Plaintiff's deadline to either pay the filing fee or submit the Application

was on October 6, 2021.  Plaintiff's Application is thus untimely.  Accordingly,

this case should be **AUTOMATICALLY DISMISSED** pursuant to the

Deficiency Order.  The Court **RECOMMENDS** that the district court find that Plaintiff's Application should be **DENIED** as moot.

Nevertheless, even if the Application was timely or if the district court wishes to consider the Application, Plaintiff's Initial Filing or Cross Filing Action under Right of Action, Right of Discussion, Right of Relief ("Complaint") (ECF No. 1) should be **DISMISSED** without prejudice.  As such, the Court **RECOMMENDS** that Plaintiff's Application should be **DENIED** as moot.

## DISCUSSION

Pursuant to Rule 7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii, the Application shall be decided without a hearing.

The Court may deny Plaintiff leave to proceed in forma pauperis and dismiss the Complaint if on the face of the Complaint, the Court finds that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); see Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998).   When screening and evaluating the Complaint as to whether it states a viable claim, the Court must apply the pleading standard under Federal Rule of Civil Procedure ("FRCP") 8 as it does in the context of an FRCP 12(b)(6) motion to dismiss.  See Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012).

FRCP 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). FRCP 8 does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotations omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678.

As Plaintiff is a pro se litigant, the Court shall construe the Complaint liberally. Bernhardt v. Los Angeles Cty., 339 F.3d 920, 925 (9th Cir. 2003). The

Court nevertheless recommends that the district court dismiss the Complaint because Plaintiff fails to indicate the basis for the Court's jurisdiction in this case, and the Complaint fails to state a claim upon which relief can be granted.

### A.    <u>Dismissal of the Complaint is Appropriate</u>

The Complaint appears to be a compilation of different forms that concern a fiduciary relationship, various letters addressed to others written by Plaintiff, newspaper clippings, notices that may have been drafted by Plaintiff, and other documents.  These documents fail to allege any basis for this Court's jurisdiction. Federal courts are presumed to lack subject matter jurisdiction, and Plaintiff bears the burden of establishing that this Court has subject matter jurisdiction.  <u>See</u> <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994).  If the Court lacks subject matter jurisdiction, an action must be dismissed.  Fed. R. Civ. P. 12(h)(3). In this case, Plaintiff failed to meet his burden as he has not alleged any facts that would show that subject matter jurisdiction exists.

The Complaint also fails to state any claim upon which relief can be granted. The documents Plaintiff compiled and filed as his Complaint are largely incomprehensible, illogical, and when read as a whole are nonsensical.  In fact, this Court is unable to discern any content that either identifies a specific claim or can be liberally construed as asserting a claim.  Accordingly, Plaintiff's Complaint should be dismissed.  However, "pro se plaintiffs proceeding in forma pauperis

must also be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." _Tripati v. First Nat. Bank & Trust_, 821 F.2d 1368, 1370 (9th Cir. 1987) (internal quotation marks omitted) (citation omitted).  In other words, leave to amend should be granted even if no such request was made, unless the Court determines that the pleading could not possibly be cured by the allegations of other facts.  In this case, the Court cannot find that the Complaint cannot be cured by an amendment.  Accordingly, the Court FINDS that dismissal of the Complaint is appropriate and RECOMMENDS that the district court grant Plaintiff leave to amend his Complaint, if the district court elects not to dismiss this case based on Plaintiff's untimely Application.

### B.    The Application Should Be Denied

Plaintiff's Application states that he has no income (including any sort of government aid), no checking or savings account, no assets of value, and no monthly expenses.  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  _Escobedo v. Applebees_, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing _Adkins v. E.I. Du Point De Nemours & Co._, 335 U.S. 331, 339 (1948)).  In fact, absolute destitution is not required to obtain benefits under the IFP statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity,

definiteness, and certainty.'" Id. (citations omitted).  However, it is unlikely that Plaintiff has absolutely no income, money, or assets, even if in negligible amounts. It does not appear that Plaintiff has been forthright about his financial status and thus, the Court is unable to determine whether Plaintiff is unable to pay filing fees. Moreover, once the Complaint is dismissed, even with leave to amend, Plaintiff's Application is moot.  Similarly, the Application is also moot if the district court elects to dismiss the Complaint based on the Deficiency Order.  Accordingly, the Court RECOMMENDS that the district court DENY Plaintiff's Application.

## CONCLUSION

The Court **RECOMMENDS** that the district court dismiss this case due to Plaintiff's untimely Application and the provision for **AUTOMATIC DISMISSAL** in the Deficiency Order.

In the event the district court elects to consider Plaintiff's Application, the Court **FINDS** that the Complaint fails to state a basis for jurisdiction and fails to state a claim on which relief can be granted.  Accordingly, the Court **RECOMMENDS** that the Complaint be **DISMISSED** without prejudice.

The Court also **FINDS** that in the event of a dismissal, Plaintiff's Application is moot and thus, the Court **RECOMMENDS** that the district court **DENY** the Application.

If Plaintiff's Complaint is dismissed with leave to amend, Plaintiff must file an amended pleading by the deadline set forth by the district court.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, January 28, 2022.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 21-00376 HG-RT;  *Republic Office of Moses Brian Moss, Executor/fiduciary, the Original Creditor vs. State of Hawaii,  United States*; Findings and Recommendation to Deny Application to Proceed in Forma Pauperis and to Dismiss the Complaint